# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
01/18/2017
CT Log Number 530524572

| | |
|---|---|
| **TO:** | Christy Church<br>GENEX Services, LLC<br>440 E Swedesford Rd Ste 1000<br>Wayne, PA 19087-1896 |

**RE:** **Process Served in California**

**FOR:** Genex Services, LLC  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LINDA MIRANDA, an Individual, on behalf of herself and on behalf of all persons similarly situated, Pltfs. vs. GENEX SERVICES, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand, Attachment(s), Certificate(s), Cover Sheet, Notice(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVDS1700779 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/18/2017 at 09:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Norman B. Blumenthal<br>Blumenthal Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>858-551-1223 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0128236034<br><br>Image SOP<br><br>Email Notification,  Gordon Fabrizio  gordon.fabrizio@genexservices.com<br><br>Email Notification,  John Kenney  jkenney@hangley.com<br><br>Email Notification,  Christy Church  christy.church@genexservices.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A - PAGE 25

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GENEX SERVICES, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LINDA MIRANDA, an individual, on behalf of herself and on behalf of all persons similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 3 2017

BY _____ E. Staricka _____
EDEN STARICKA, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO San Bernardino District - Civil Division 247 W. Third St., San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):* CIVDS1700779 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

**DATE:** JAN 1 3 2017
*(Fecha)*

Clerk, by Eden Staricka , Deputy
*(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* GENEX SERVICES, LLC

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 1-18-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

EXHIBIT A - PAGE 26

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
2     Norman B. Blumenthal (State Bar #068687)
   Norm@bamlawca.com
3     Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
   2255 Calle Clara
4     La Jolla, CA 92037
   Telephone: (858) 551-1223
5     Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 3 2017

BY _____
EDEN STARICKA, DEPUTY

8
9
10      **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
11      **IN AND FOR THE COUNTY OF SAN BERNARDINO**
12
13  LINDA MIRANDA, an individual, on behalf of herself and on behalf of all persons similarly situated,
14
15        Plaintiff,
16  vs.
17  GENEX SERVICES, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,
18
19
20        Defendants.
21
22
23
24
25
26
27
28

Case No. _____ CIVDS1700779

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;

2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198, *et seq.*;

3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;

4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,

5. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.

**DEMAND FOR A JURY TRIAL**

COPY

1      Plaintiff Linda Miranda ("PLAINTIFF"), an individual, on behalf of herself and all other
2    similarly situated current and former employees, alleges on information and belief, except her
3    own acts and knowledge, the following:

4

5                                    **THE PARTIES**

6      1.      Defendant Genex Services, LLC ("GENEX" or "DEFENDANT") is a limited
7    liability company that conducts regular and substantial business in the State of California.
8    GENEX is the nation's leading provider of integrated managed care services, focused on
9    controlling health costs and reducing disability expenses.  The company focuses on 3 critical
10   areas: workers' compensation and disability management, medical cost containment, social
11   security representation.   GENEX serves employer groups, insurance and managed care
12   providers, and benefit administrators.   Services include workplace injury management,
13   vocational rehabilitation, catastrophic case management, medical bill auditing, and social
14   security disability claim representation.  GENEX is owned by Stone Point Capital.

15     2.      To successfully compete against the other  comprehensive medical management
16   service providers, GENEX substantially reduced its labor costs by placing the labor burden on
17   a smaller number of employees that GENEX classified as exempt from overtime wages.  The
18   goal of overtime laws includes expanding employment throughout the workforce by putting
19   financial pressure on the employer and nurturing a stout job market, as well as the important
20   public policy goal of protecting employees in a relatively weak bargaining position against the
21   unfair scheme of uncompensated overtime work.   An employer's obligation to pay its
22   employees wages is more than a matter of private concern between the parties.  That obligation
23   is founded on a compelling public policy judgment that employees are entitled to work a livable
24   number of hours at a livable wage.  In addition, statutes and regulations that compel employers
25   to pay overtime relate to fundamental issues of social welfare worthy of protection.   The
26   requirement to pay overtime wages extends beyond the benefits individual workers receive
27   because overtime wages discourage employers from concentrating work in a few overburdened
28   hands and encourage employers to instead hire additional employees. Especially in today's

1   economic climate, the importance of spreading available work to reduce unemployment cannot
2   be overestimated.

3      3.    As part of their business, GENEX employs a fleet of Case Managers. The
4   employees employed in positions at GENEX with the titles of "Field Nurse Case Manager,"
5   "Telephonic Case Manager," "Medical Case Manager," and "Utilization Case Manager" all
6   perform the same primary job duty which is to perform day-to-day routine clerical work in the
7   management of medical conditions of injured workers and/or chronically ill patients  and are
8   collectively referred to herein as the "Case Managers" or "CM".

9      4.    Plaintiff Linda Miranda was employed by GENEX in California as a Field Nurse
10  Case Manager from September of 1999 through March of 2015.  At all times during her
11  employment with GENEX as a CM, PLAINTIFF was classified as a salaried employee exempt
12  from overtime pay and the legally required meal and rest breaks.

13     5.    As part of their business, GENEX employed a fleet of "Case Managers."
14  PLAINTIFF, as a CM, was engaged in the core, day-to-day business activities of GENEX.  The
15  CMs engaged in the finite set of non-exempt clerical tasks of reviewing client's pre-injury
16  and/or pre-illness position, making appointments with client's physician or therapist, listening
17  to and reviewing the physician's or therapist's diagnosis, obtaining prescriptions,
18  communicating both in-person and by telephone with employers, medical providers, attorneys,
19  insurance carriers and claims adjusters, applying all special instructions required by individual
20  insurance carriers and referral sources, following all pre-established and required case
21  management plans, preparing reports and other required paperwork to document all casework
22  activities, meeting weekly billing requirements, operating office machines, accessing filing
23  cabinets, and attending staff meetings, workshops and/or training programs all in strict
24  compliance with established specific procedures and protocols which governed and controlled
25  every aspect of the work performed by PLAINTIFF and other Case Managers.   These
26  standardized procedures mirror the realities of the workplace evidencing a uniformity of the
27  highly skilled clerical work performed by PLAINTIFF and other Case Managers and negate any
28  exercise of independent judgment and discretion as to any matter of significance and negate any

1  role in the participation of formulating GENEX's business policies.

2      6.    PLAINTIFF and other Case Managers job duties included monitoring a recovery

3  plan controlled by a physician and a claims adjuster and did not have the power to alter that

4  course of treatment. Any advice PLAINTIFF and other Case Managers provided was on an

5  individual level, far from questions affecting management or general operations of the business.

6  Rather, PLAINTIFF and other Case Managers used their RN training to coordinate care, acted

7  as intermediary between patients, adjustors, and doctors and operated in a framework in which

8  these employees did not exercise ultimate decision-making power.

9      7.    To perform their finite set of tasks, the CMs did not engage in a supervisory role

10 given the constraints placed upon them by company policy. CMs did not determine what work

11 was to be done by other employees or in what time frame. Furthermore, the CMs also did not

12 have a distinct role in training other employees or determining what training they were to

13 receive. Lastly, PLAINTIFF and other CMs did not have the authority to hire, fire, or promote

14 employees, determine their pay rates or benefits, or give raises as they were unable to make

15 employment-related, personnel decisions. Consequently, PLAINTIFF and the other CMs did

16 not have the authority to decide whether or not an employee should be disciplined for an

17 infraction. Disciplinary decisions were made by the human resources department or dictated

18 by company policies. Overall, PLAINTIFF's and other CMs recommendations were given

19 little, if any, weight on all the above issues. As a result, PLAINTIFF and the other CMs were

20 engaged in a type of work that required no exercise of independent judgment or discretion as

21 to any matter of significance.

22     8.    PLAINTIFF brings this Class Action on behalf of herself and a California class,

23 defined as all persons who are or previously were employed by DEFENDANT in California as

24 Case Managers and were classified as exempt from overtime wages (the "CALIFORNIA

25 CLASS") at any time during the period beginning on the date of January 1, 2014 and ending on

26 the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

27 controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

28 dollars ($5,000,000.00).

1    9.    The work schedule for PLAINTIFF and other CALIFORNIA CLASS Members
2  was set by GENEX. PLAINTIFF and other CALIFORNIA CLASS Members worked from
3  time to time in excess of eight (8) hours in a workday and/or more than forty (40) hours in any
4  given workweek.

5    10.    PLAINTIFF and the other CALIFORNIA CLASS Members were not provided
6  with overtime compensation and other benefits required by law as a result of being classified
7  as "exempt" by GENEX.

8    11.    As a matter of company policy, practice, and procedure, GENEX has uniformly,
9  unlawfully, unfairly and/or deceptively classified every CM as exempt from overtime pay and
10  other related benefits, failed to pay the required overtime compensation and otherwise failed to
11  comply with all applicable labor laws with respect to these CMs.

12    12.    The true names and capacities, whether individual, corporate, subsidiary,
13  partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are presently
14  unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant
15  to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege
16  the true names and capacities of DOES 1 through 50, inclusive, when they are ascertained.
17  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that
18  the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are
19  responsible in some manner for one or more of the events and happenings that proximately
20  caused the injuries and damages hereinafter alleged.

21    13.    The agents, servants and/or employees of the Defendants and each of them acting
22  on behalf of the Defendants acted within the course and scope of his, her] or its authority as the
23  agent, servant and/or employee of the Defendants, and personally participated in the conduct
24  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
25  Consequently, the acts of each Defendants are legally attributable to the other Defendants and
26  all Defendants are jointly and severally liable to PLAINTIFF and the other members of the
27  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
28  Defendants' agents, servants and/or employees.

## THE CONDUCT

14.     The finite set of tasks required of the CMs as defined by DEFENDANT were executed by the CMs through the performance of non-exempt labor within a defined manual skill set.

15.     Although PLAINTIFF and the other CMs spent the vast majority of their time performing these non-exempt tasks, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of these CMs were classified as exempt from overtime compensation. By reason of this uniform exemption practice, policy and procedure applicable to PLAINTIFF and the other CMs who performed these non-exempt tasks, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a uniform company-wide policy, practice and procedure which failed to properly classify PLAINTIFF and the other CMs and thereby failed to pay them overtime wages for documented overtime worked. The proper classification of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to provide the legally required off-duty meal and rest breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided meal and rest breaks to PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal and rest breaks is evidenced by DEFENDANT's business records which contains no record of these breaks.

16.     DEFENDANT, as a matter of law, has the burden of proving that (a) employees were properly classified as exempt and that (b) DEFENDANT otherwise complied with applicable laws.

17.     During their employment with DEFENDANT, PLAINTIFF and the other

1 CALIFORNIA CLASS Members, performed non-managerial, non-exempt tasks, but were

2 nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than

3 eight (8) hours in a workday and/or more than forty (40) hours in a workweek.

4     18.    A crucial requirement to be properly classified as exempt under both the

5 California Professional and Administrative exemptions is the ability to exercise independent

6 discretion and judgment as to matters of significance.  PLAINTIFF and the other Case

7 Managers were assigned cases involving injured workers and chronically ill patients and were

8 micro-managed in every aspect of managing their assigned cases.  These employees did not

9 exercise discretion in the sense of making important decisions of significance to the employer's

10 business even though they exercised some measure of discretion and judgment as to the manner

11 in which they performed their tasks.  PLAINTIFF and other Case Managers performed routine

12 clerical tasks and followed set guidelines that were mandated and authorized by DEFENDANT.

13     19.    Given the circumstances of the job functions performed by PLAINTIFF and the

14 others similarly situated, PLAINTIFF and the others similarly situated were hired as registered

15 nurses for Case Manager positions since their nursing experience was useful for reviewing

16 medical data, but they did not provide "traditional" direct medical services to injured workers

17 or chronically ill patients, render an opinion or make any medical diagnosis (which is prohibited

18 by state law). PLAINTIFF and others similarly situated did not primarily perform office or non-

19 manual staff functions directly related to policymaking and/or the general operation of the

20 DEFENDANT. The work of PLAINTIFF and the others similarly situated did not require the

21 use of "traditional" nursing skills, training, experience and/or knowledge. Instead, PLAINTIFF

22 and the others similarly situated all serve as Case Managers whose primary job duty was and

23 is to perform day-to-day routine clerical work in the management of medical conditions of

24 injured workers and/or chronically ill patients. Courts and State Labor Boards have held that

25 registered nurses, like PLAINTIFF and the others similarly situated, who were not expected to

26 utilize "traditional" nursing skills and instead rely on company manuals to perform

27 administrative services, or who do not need a nursing degree or license to qualify for

28 employment, do not exercise discretion and independent judgment as to matters of significance,

1 │ and therefore, are non-exempt employees entitled to overtime compensation.

2 │     20.    PLAINTIFF and the other Case Managers employed by DEFENDANT were also

3 │ not engaged in work of a type that was or now is performed at the level of the policy or

4 │ management of the DEFENDANT. PLAINTIFF and the other Case Managers employed by

5 │ DEFENDANT were also not engaged in work requiring knowledge of an advanced type in a

6 │ field or science or learning customarily acquired by a prolonged course of specialized

7 │ intellectual instruction and study, but rather their work involved the performance of routine

8 │ mental, clerical, and/or technical processes. California law provides two alternative avenues

9 │ to Professional exempt status that PLAINTIFF and other Case Managers failed to meet. To be

10 │ exempt from overtime pay and minimum wage requirements under the California exemption

11 │ for "professional" employees, the employees must either be licensed by the State of California

12 │ and "primarily engaged" in an enumerated profession, or "primarily engaged in an occupation

13 │ commonly recognized as a learned or artistic profession." 8 California Code of Regulations §

14 │ 11010 *et seq.* PLAINTIFF and other Case Managers were not required to be certified by the

15 │ State of California to perform the finite set of tasks engaged in by Case Managers and/or did

16 │ not primarily engage in the recognized profession of law, medicine, dentistry, optometry,

17 │ architecture, engineering, teaching, or accounting. The federal regulations after which the

18 │ California learned professional exemption was explicitly patterned condition the learned

19 │ professions exemption upon completion of an advanced course of education. Case Managers

20 │ do not qualify as exempt learned professionals because an "advanced specialized academic

21 │ degree" is not a standard prerequisite for entry into the field. To perform the finite set of tasks

22 │ required of a Case Manager, PLAINTIFF and other CALIFORNIA CLASS Members were not

23 │ required to hold an advanced degree customarily acquired by a prolonged course of specialized

24 │ intellectual instruction and study, as distinguished from a general four-year baccalaureate

25 │ degree. Moreover, it is not sufficient that an employee have an advanced degree, but rather the

26 │ position the employee occupies and the work performed must actually require such a degree.

27 │ California Industrial Wage Order 4-2001(1)(A)(3)(b)(1). The position of a Case Manager does

28 │ not actually require an advanced degree. PLAINTIFF and the other Case Managers employed

1  by DEFENDANT were also not engaged in work that is intellectual and varied in character, but
2  rather was routine mental and clerical work that is of such character that the output produced
3  or the result accomplished can be standardized in relation to a given period of time. The work
4  of a Case Manager of DEFENDANT was work wherein PLAINTIFF and the members of the
5  CALIFORNIA CLASS were engaged in the day-to-day business of DEFENDANT.

6      21.    CMs were classified as exempt from California overtime and related laws by
7  DEFENDANT, however, these employees did not have managerial duties or authority. CMs
8  in performing these ongoing day-to-day, non-exempt and non-managerial tasks had no role in
9  supervising employees and had no authority to make employment-related decisions relating to
10 DEFENDANT's employees. Furthermore, the CMs were tightly controlled by company policy
11 and by their supervisors, did not exercise discretion or independent judgment as to matters of
12 significance, and their tasks were not directly related to DEFENDANT's management policies
13 or general business operations.

14     22.    PLAINTIFF and all members of the CALIFORNIA CLASS were uniformly
15 classified and treated by DEFENDANT as exempt at the time of hire and thereafter,
16 DEFENDANT has failed to take the proper steps to determine whether PLAINTIFF, and the
17 members of the CALIFORNIA CLASS, were properly classified under the applicable Industrial
18 Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq*. as
19 exempt from applicable California labor laws. Since DEFENDANT affirmatively and willfully
20 misclassified PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with
21 California labor laws, DEFENDANT's practices violated and continue to violate California law.
22 In addition, DEFENDANT acted deceptively by falsely and fraudulently telling PLAINTIFF
23 and each member of the CALIFORNIA CLASS that they were exempt from overtime pay when
24 DEFENDANT knew or should have known that this statement is false and not based on known
25 facts. DEFENDANT also acted unfairly by violating the California labor laws, and as a result
26 of this policy and practice, DEFENDANT also violated the UCL. In doing so, DEFENDANT
27 cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors
28 paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them

1 | in accordance with California law.

2 |     23.    DEFENDANT as a matter of corporate policy, practice and procedure,
3 | intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and
4 | the other CALIFORNIA CLASS Members for required business expenses incurred by
5 | PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging
6 | their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers
7 | are required to indemnify employees for all expenses incurred in the course and scope of their
8 | employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or
9 | her employee for all necessary expenditures or losses incurred by the employee in direct
10 | consequence of the discharge of his or her duties, or of his or her obedience to the directions of
11 | the employer, even though unlawful, unless the employee, at the time of obeying the directions,
12 | believed them to be unlawful."

13 |     24.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS
14 | Members as business expenses, were required by DEFENDANT to use their own personal
15 | homes offices to work remotely for DEFENDANT as a result of and in furtherance of their job
16 | duties as employees for DEFENDANT but were not reimbursed or indemnified by
17 | DEFENDANT for the cost associated with the use of their personal home offices for
18 | DEFENDANT's benefit. As a result, in the course of their employment with DEFENDANT,
19 | PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business
20 | expenses.

21 |     25.    When PLAINTIFF and other CALIFORNIA CLASS Members worked overtime,
22 | DEFENDANT also failed to provide PLAINTIFF and the other CALIFORNIA CLASS
23 | Members with a wage statement in writing that accurately sets forth gross wages earned, all
24 | applicable hourly rates in effect during the pay period and the corresponding amount of time
25 | worked at each hourly rate by the PLAINTIFF and the other CALIFORNIA CLASS Members.
26 | This conduct violated California Labor Code § 226. The pay stub also did not accurately
27 | display anywhere PLAINTIFF's and the other CALIFORNIA CLASS Members' overtime work
28 | and applicable rates of overtime pay for the pay period.

26.   By reason of this uniform conduct applicable to PLAINTIFF and all the CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly classify PLAINTIFF and the CALIFORNIA CLASS of CMs as non-exempt.   The proper classification of these employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the applicable Wage Order, the California Labor Code and the regulations promulgated thereunder as herein alleged.

27.   PLAINTIFF worked as a Field Nurse Case Manager in California for DEFENDANT and was classified as an exempt employee from September of 1999 through March of 2015. PLAINTIFF performed the finite set of tasks of reviewing client's pre-injury and/or pre-illness position, making appointments with client's physician or therapist, listening to and reviewing the physician's or therapist's diagnosis, obtaining prescriptions, communicating both in-person and by telephone with employers, medical providers, attorneys, insurance carriers and claims adjusters, applying all special instructions required by individual insurance carriers and referral sources, following all pre-established and required case management plans, preparing reports and other required paperwork to document all casework activities, meeting weekly billing requirements, operating office machines, accessing filing cabinets, and attending staff meetings, workshops and/or training programs. All of these tasks were performed in strict compliance with established specific procedures and protocols which governed and controlled every aspect of the work performed by PLAINTIFF. PLAINTIFF used the skill, training, and expertise acquired on the job to perform her job tasks, and performed these job tasks in compliance with the directives given to her by other employees of DEFENDANT. During the CALIFORNIA CLASS PERIOD, PLAINTIFF as a Case Manager, was classified by DEFENDANT as exempt from overtime pay and worked in excess of eight (8) hours in a workday and/or more than forty (40) hours in a workweek, but as a result of

1  DEFENDANT's misclassification of PLAINTIFF as exempt from the applicable California
2  Labor Code provisions, PLAINTIFF was not compensated by DEFENDANT for her overtime
3  hours worked at the applicable overtime rate.  DEFENDANT did not have a policy or practice
4  which provided meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF
5  for her missed meal and rest breaks.  As a consequence of the foregoing, PLAINTIFF was not
6  provided with accurate and itemized wage statements showing the gross wages earned, the net
7  wages earned, all applicable hourly rates in effect during the pay period, including overtime
8  hourly rates, and the corresponding number of hours worked at each hourly rate, by
9  DEFENDANT during the CALIFORNIA CLASS PERIOD in violation of Cal. Lab. Code §
10 226(a).  To date, DEFENDANT has not fully paid PLAINTIFF for all her wages still owed to
11 her or any penalty wages owed to her under California Labor Code § 203.  The amount in
12 controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

13

14                          **THE CALIFORNIA CLASS**

15      28.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive
16 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class
17 Action, pursuant to California Code of Civil Procedure Section 382, on behalf of a California
18 Class, defined as  all persons who are or previously were employed by DEFENDANT in
19 California as Case Managers and were classified as exempt from overtime wages (the
20 "CALIFORNIA CLASS") at any time during the period beginning on the date of January 1,
21 2014 and ending on the date as determined by the Court (the "CALIFORNIA CLASS
22 PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS
23 Members is under five million dollars ($5,000,000.00).

24      29.    To the extent equitable tolling operates to toll claims by the CALIFORNIA
25 CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
26 accordingly.

27      30.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in
28 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

1  Requirements, and the applicable provisions of California law, intentionally, knowingly, and
2  wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully, and deceptively
3  instituted a practice to ensure that the employees employed in a CM position were not properly
4  classified as non-exempt from the requirements of California Labor Code §§ 510, *et seq.*

5      31.    DEFENDANT has the burden of proof to make sure that each and every employee
6  is properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*
7  DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in
8  place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice
9  that misclassifies the CALIFORNIA CLASS Members as exempt. DEFENDANT's uniform
10 policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and
11 currently in place is to systematically classify each and every CALIFORNIA CLASS Member
12 as exempt from the requirements of the California Labor Code §§ 510, *et seq.* This common
13 business practice applicable to each and every CALIFORNIA CLASS Member can be
14 adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business &
15 Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not
16 elements of this claim.

17     32.    At no time before or during PLAINTIFF's employment with DEFENDANT has
18 any Case Manager reclassified as non-exempt from the applicable requirements of California
19 Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS Member was initially, uniformly,
20 and systematically classified as exempt upon being hired.

21     33.    Any individual declarations of any employees offered at this time purporting to
22 indicate that one or more Case Managers may have been properly classified is of no force or
23 affect absent contemporaneous evidence that DEFENDANT's uniform system did not
24 misclassify PLAINTIFF and the other CALIFORNIA CLASS Members as exempt pursuant to
25 Cal. Lab. Code §§ 510, *et seq.* absent proof of such a contemporaneous system,
26 DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the
27 UCL and may be so adjudicated on a class-wide basis. As a result of the UCL violations,
28 PLAINTIFF and the CALIFORNIA CLASS Members are entitled to compel DEFENDANT

1   to provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to

2   restitute these funds to PLAINTIFF and the CALIFORNIA CLASS Members according to

3   proof.

4       34.     The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA

5   CLASS Members is impracticable.

6       35.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

7   California law by:

8           (a)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

9                 §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively

10                having in place company policies, practices and procedures that uniformly

11                misclassified the PLAINTIFF and the members of the CALIFORNIA

12                CLASS as exempt;

13           (b)     Committing an act of unfair competition in violation of the UCL, by

14                unlawfully, unfairly, and/or deceptively failing to have in place a company

15                policy, practice and procedure that accurately determines the amount of

16                working time spent by the PLAINTIFF and the members of the

17                CALIFORNIA CLASS performing non-exempt labor;

18           (c)     Committing an act of unfair competition in violation of the UCL, by

19                having in place a company policy, practice and procedure that failed to

20                reclassify as non-exempt those members of the CALIFORNIA CLASS

21                whose actual tasks were comprised of non-exempt job functions;

22           (d)     Committing an act of unfair competition in violation of the UCL, by

23                violating Cal. Lab. Code §§ 510, *et seq*., by failing to pay the correct

24                overtime pay to the PLAINTIFF and the members of the CALIFORNIA

25                CLASS who are improperly classified as exempt, and retaining the unpaid

26                overtime to the benefit of DEFENDANT;

27           (e)     Committing an act of unfair competition in violation of the UCL, by

28                failing to provide mandatory meal and/or rest breaks to the PLAINTIFF

1  |  and the CALIFORNIA CLASS members; and,

2  |  (f)  Committing an act of unfair competition in violation of the California

3  |  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

4  |  violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

5  |  the CALIFORNIA CLASS members with necessary expenses incurred in

6  |  the discharge of their job duties.

7  |  36.  This Class Action meets the statutory prerequisites for the maintenance of a Class

8  |  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

9  |  (a)  The persons who comprise the CALIFORNIA CLASS are so numerous

10  |  that the joinder of all such persons is impracticable and the disposition of

11  |  their claims as a class will benefit the parties and the Court;

12  |  (b)  Nearly all factual, legal, statutory, and declaratory relief issues that are

13  |  raised in this Complaint are common to the CALIFORNIA CLASS will

14  |  apply uniformly to every member of the CALIFORNIA CLASS;

15  |  (c)  The claims of the representative PLAINTIFF are typical of the claims of

16  |  each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

17  |  other members of the CALIFORNIA CLASS, was initially classified as

18  |  exempt upon hiring based on the defined corporate policies and practices

19  |  and labored under DEFENDANT's systematic procedure that failed to

20  |  properly classify as non-exempt PLAINTIFF and the members of the

21  |  CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a

22  |  result of DEFENDANT's employment practices.  PLAINTIFF and the

23  |  members of the CALIFORNIA CLASS were and are similarly or

24  |  identically harmed by the same unlawful, deceptive, unfair and pervasive

25  |  pattern of misconduct engaged in by DEFENDANT by deceptively

26  |  advising all Case Managers that they were exempt from overtime wages

27  |  based on the defined corporate policies and practices, and unfairly failing

28  |  to pay overtime to these employees who were improperly classified as

1    exempt; and,

2    (d)    The representative PLAINTIFF will fairly and adequately represent and

3    protect the interest of the CALIFORNIA CLASS, and has retained counsel

4    who are competent and experienced in Class Action litigation. There are

5    no material conflicts between the claims of the representative PLAINTIFF

6    and the members of the CALIFORNIA CLASS that would make class

7    certification inappropriate. Counsel for the CALIFORNIA CLASS will

8    vigorously assert the claims of all employees in the CALIFORNIA

9    CLASS.

10    37.    In addition to meeting the statutory prerequisites to a Class Action, this Action

11    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

12    (a)    Without class certification and determination of declaratory, statutory and

13    other legal questions within the class format, prosecution of separate

14    actions by individual members of the CALIFORNIA CLASS will create

15    the risk of:

16    1)    Inconsistent or varying adjudications with respect to individual

17    members of the CALIFORNIA CLASS which would establish

18    incompatible standards of conduct for the parties opposing the

19    CALIFORNIA CLASS; and/or,

20    2)    Adjudication with respect to individual members of the

21    CALIFORNIA CLASS which would as a practical matter be

22    dispositive of interests of the other members not party to the

23    adjudication or substantially impair or impede their ability to

24    protect their interests.

25    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

26    act on grounds generally applicable to the CALIFORNIA CLASS, making

27    appropriate class-wide relief with respect to the CALIFORNIA CLASS

28    as a whole in that DEFENDANT uniformly classified and treated the Case

Managers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Case Managers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

    1)      With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition;

(c)      Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)      The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

    2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which

1   would establish incompatible standards of conduct for

2   DEFENDANT; and/or,

3       B.    Adjudications with respect to individual members of the

4   CALIFORNIA CLASS would as a practical matter be

5   dispositive of the interests of the other members not parties

6   to the adjudication or substantially impair or impede their

7   ability to protect their interests;

8       3)    In the context of wage litigation because as a practical matter a

9   substantial number of individual CALIFORNIA CLASS Members

10   will avoid asserting their legal rights out of fear of retaliation by

11   DEFENDANT, which may adversely affect an individual's job

12   with DEFENDANT or with a subsequent employer, the Class

13   Action is the only means to assert their claims through a

14   representative; and,

15       4)    A Class Action is superior to other available methods for the fair

16   and efficient adjudication of this litigation because class treatment

17   will obviate the need for unduly and unnecessary duplicative

18   litigation that is likely to result in the absence of certification of

19   this Action pursuant to Cal. Code of Civ. Proc. § 382.

20       38.    This Court should permit this Action to be maintained as a Class Action pursuant

21   to Cal. Code of Civ. Proc. § 382, because:

22       (a)    The questions of law and fact common to the CALIFORNIA CLASS

23   predominate over any question affecting only individual CALIFORNIA

24   CLASS Members because DEFENDANT's employment practices were

25   uniform and systematically applied with respect to the CALIFORNIA

26   CLASS;

27       (b)    A Class Action is superior to any other available method for the fair and

28   efficient adjudication of the claims of the members of the CALIFORNIA

CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's Case Managers who were classified as exempt and who were employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour

1   related claims arising out of the conduct of DEFENDANT as to the
2   members of the CALIFORNIA CLASS.

3       39.    DEFENDANT maintains records from which the Court can ascertain and identify
4   by name and job title, each of DEFENDANT's employees who have been systematically,
5   intentionally and uniformly subjected to DEFENDANT's corporate policies, practices and
6   procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include
7   any additional job titles of similarly situated employees when they have been identified.

8
9                           **THE CALIFORNIA LABOR SUB-CLASS**

10      40.    PLAINTIFF further brings the Second, Third, Fourth and Fifth Causes of Action
11  on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who
12  were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS")
13  at any time during the period beginning on the date of January 1, 2014 and ending on the date
14  as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to
15  California Code of Civil Procedure § 382.  The amount in controversy for the aggregate claim
16  of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars
17  ($5,000,000.00).

18      41.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in
19  violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare
20  Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and
21  systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA
22  CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and
23  other labor laws based on DEFENDANT's comprehensive policies and procedures in order to
24  avoid the payment of overtime wages by misclassifying their positions as exempt from overtime
25  wages and other labor laws.  To the extent equitable tolling operates to toll claims by the
26  CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR
27  SUB-CLASS PERIOD should be adjusted accordingly.

28      42.    DEFENDANT maintains records from which the Court can ascertain and identify
by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-CLASS

1  Members have been systematically, intentionally and uniformly misclassified as exempt as a
2  matter of DEFENDANT's corporate policies, practices and procedures. PLAINTIFF will seek
3  leave to amend the Complaint to include these additional job titles when they have been
4  identified.

5      43.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
6  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

7      44.    Common questions of law and fact exist as to members of the CALIFORNIA
8  LABOR SUB-CLASS, including, but not limited, to the following:

9          (a)    Whether DEFENDANT unlawfully failed to pay overtime compensation
10             to members of the CALIFORNIA LABOR SUB-CLASS in violation of
11             the California Labor Code and California regulations and the applicable
12             California Wage Order;

13         (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS were
14             non-exempt employees entitled to overtime compensation for overtime
15             worked under the overtime pay requirements of California law;

16         (c)    Whether DEFENDANT's policy and practice of classifying the
17             CALIFORNIA LABOR SUB-CLASS Members as exempt from overtime
18             compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS
19             Members overtime violate applicable provisions of California law;

20         (d)    Whether DEFENDANT unlawfully failed to keep and furnish
21             CALIFORNIA LABOR SUB-CLASS Members with accurate records of
22             overtime worked; and,

23         (e)    The proper measure of damages and penalties owed to the members of the
24             CALIFORNIA LABOR SUB-CLASS.

25     45.    DEFENDANT, as a matter of corporate policy, practice and procedure,
26 erroneously classified all Case Managers as exempt from overtime wages and other labor laws.
27 All Case Managers, including PLAINTIFF, performed the same finite set of tasks and were paid
28 by DEFENDANT according to uniform and systematic company procedures, which, as alleged

1  herein above, failed to correctly pay overtime compensation. This business practice was
2  uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and
3  therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

4      46.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS
5  under California law by:

6          (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby
7                 failing to pay PLAINTIFF and the members of the CALIFORNIA
8                 LABOR SUB-CLASS the correct overtime pay for a workday longer than
9                 eight (8) hours and/or a workweek longer than forty (40) hours for which
10                DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

11         (b)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the
12                members of the CALIFORNIA LABOR SUB-CLASS who are improperly
13                classified as exempt with an accurate itemized statement in writing
14                showing the gross wages earned, the net wages earned, all applicable
15                hourly rates in effect during the pay period and the corresponding amount
16                of time worked at each hourly rate by the employee when these employees
17                worked overtime from time to time in a pay period;

18         (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that
19                when an employee is discharged or quits from employment, the employer
20                must pay the employee all wages due without abatement, by failing to
21                tender full payment and/or restitution of wages owed or in the manner
22                required by California law to the members of the CALIFORNIA LABOR
23                SUB-CLASS who have terminated their employment; and,

24         (d)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and
25                the CALIFORNIA CLASS members with necessary expenses incurred in
26                the discharge of their job duties

27     47.    This Class Action meets the statutory prerequisites for the maintenance of a Class
28  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

1          (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

2                so numerous that the joinder of all such persons is impracticable and the

3                disposition of their claims as a class will benefit the parties and the Court;

4          (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

5                raised in this Complaint are common to the CALIFORNIA LABOR SUB-

6                CLASS and will apply uniformly to every member of the CALIFORNIA

7                LABOR SUB-CLASS;

8          (c)    The claims of the representative PLAINTIFF are typical of the claims of

9                each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

10               like all the other members of the CALIFORNIA LABOR SUB-CLASS,

11               was improperly classified as exempt and denied overtime pay as a result

12               of DEFENDANT's systematic classification practices. PLAINTIFF and

13               all the other members of the CALIFORNIA LABOR SUB-CLASS

14               sustained economic injuries arising from DEFENDANT's violations of the

15               laws of California; and,

16          (d)    The representative PLAINTIFF will fairly and adequately represent and

17               protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

18               retained counsel who are competent and experienced in Class Action

19               litigation. There are no material conflicts between the claims of the

20               representative PLAINTIFF and the members of the CALIFORNIA

21               LABOR SUB-CLASS that would make class certification inappropriate.

22               Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

23               assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

24     48.    In addition to meeting the statutory prerequisites to a Class Action, this Action

25  is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

26          (a)    Without class certification and determination of declaratory, statutory and

27               other legal questions within the class format, prosecution of separate

28               actions by individual members of the CALIFORNIA LABOR SUB-

CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly classified and treated the Case Managers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Case Managers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions

1    will be avoided to recover the relatively small amount of economic
2    losses sustained by the individual CALIFORNIA LABOR SUB-
3    CLASS Members when compared to the substantial expense and
4    burden of individual prosecution of this litigation;

5    2)    Class certification will obviate the need for unduly duplicative
6    litigation that would create the risk of:

7    A.    Inconsistent or varying adjudications with respect to
8    individual members of the CALIFORNIA LABOR SUB-
9    CLASS, which would establish incompatible standards of
10    conduct for DEFENDANT; and/or,

11    B.    Adjudications with respect to individual members of the
12    CALIFORNIA LABOR SUB-CLASS would as a practical
13    matter be dispositive of the interests of the other members
14    not parties to the adjudication or substantially impair or
15    impede their ability to protect their interests;

16    3)    In the context of wage litigation because a substantial number of
17    individual CALIFORNIA LABOR SUB-CLASS Members will
18    avoid asserting their legal rights out of fear of retaliation by
19    DEFENDANT, which may adversely affect an individual's job
20    with DEFENDANT or with a subsequent employer, the Class
21    Action is the only means to assert their claims through a
22    representative; and,

23    4)    A Class Action is superior to other available methods for the fair
24    and efficient adjudication of this litigation because class treatment
25    will obviate the need for unduly and unnecessary duplicative
26    litigation that is likely to result in the absence of certification of
27    this Action pursuant to Cal. Code of Civ. Proc. § 382.

28    49.    This Court should permit this Action to be maintained as a Class Action pursuant

1    to Cal. Code of Civ. Proc. § 382, because:

2         (a)    The questions of law and fact common to the CALIFORNIA LABOR

3                 SUB-CLASS predominate over any question affecting only individual

4                 CALIFORNIA LABOR SUB-CLASS Members;

5         (b)    A Class Action is superior to any other available method for the fair and

6                 efficient adjudication of the claims of the members of the CALIFORNIA

7                 LABOR SUB-CLASS because in the context of employment litigation a

8                 substantial number of individual CALIFORNIA LABOR SUB-CLASS

9                 Members will avoid asserting their rights individually out of fear of

10                 retaliation or adverse impact on their employment;

11         (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

12                 numerous that it is impractical to bring all members of the CALIFORNIA

13                 LABOR SUB-CLASS before the Court;

14         (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

15                 Members, will not be able to obtain effective and economic legal redress

16                 unless the action is maintained as a Class Action;

17         (e)    There is a community of interest in obtaining appropriate legal and

18                 equitable relief for the acts of unfair competition, statutory violations and

19                 other improprieties, and in obtaining adequate compensation for the

20                 damages and injuries which DEFENDANT's actions have inflicted upon

21                 the CALIFORNIA LABOR SUB-CLASS;

22         (f)    There is a community of interest in ensuring that the combined assets of

23                 DEFENDANT are sufficient to adequately compensate the members of the

24                 CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

25         (g)    DEFENDANT has acted or refused to act on grounds generally applicable

26                 to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

27                 wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

28                 CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who were employed by DEFENDANT in California during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

50.    This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc § 410.10 and Cal. Business & Professions Code § 17203. This action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

51.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq*.]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

52.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 51 of this Complaint.

1      53.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

2   Code § 17021.

3      54.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

4   unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203

5   authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

6   competition as follows:

7        Any person who engages, has engaged, or proposes to engage in unfair
       competition may be enjoined in any court of competent jurisdiction. The court
8        may make such orders or judgments, including the appointment of a receiver,
       as may be necessary to prevent the use or employment by any person of any
9        practice which constitutes unfair competition, as defined in this chapter, or as
       may be necessary to restore to any person in interest any money or property, real
10      or personal, which may have been acquired by means of such unfair
       competition.
11

12   California Business & Professions Code § 17203.

13      55.    By the conduct alleged herein, DEFENDANT has engaged and continues to

14   engage in a business practice which violates California law, including but not limited to, the

15   applicable Wage Order(s), the California Code of Regulations, and the California Labor Code

16   Sections 204, 226.7, 510, 512, 1194 & 1198, and for which this Court should issue declaratory

17   and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to

18   prevent and remedy the conduct held to constitute unfair competition, including restitution of

19   wages wrongfully withheld.

20      56.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

21   unfair in that these practices violate public policy, were immoral, unethical, oppressive,

22   unscrupulous or substantially injurious to employees, and were without valid justification or

23   utility for which this Court should issue equitable and injunctive relief pursuant to Section

24   17203 of the California Business & Professions Code, including restitution of wages wrongfully

25   withheld.

26      57.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

27   fraudulent in that DEFENDANT's uniform policy and practice was to represent to PLAINTIFF

28   and other CALIFORNIA CLASS Members that they were exempt from overtime pay when in

     fact these representations are false and likely to deceive, for which this Court should issue

1 | injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution

2 | of wages wrongfully withheld.

3 |      58.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

4 | unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

5 | other members of the CALIFORNIA CLASS to be underpaid during their employment with

6 | DEFENDANT.

7 |      59.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

8 | deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

9 | mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

10 |      60.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

11 | CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

12 | meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

13 | for each workday in which a second off-duty meal period was not timely provided for each ten

14 | (10) hours of work.

15 |      61.    PLAINTIFF further demands on behalf of herself and on behalf of each

16 | CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

17 | was not timely provided as required by law.

18 |      62.    By and through the unlawful and unfair business practices described herein,

19 | DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

20 | other members of the CALIFORNIA CLASS and have deprived them of valuable rights and

21 | benefits guaranteed by law and contract, all to the detriment of these employees and to the

22 | benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors

23 | who comply with the law.

24 |      63.    All the acts described herein as violations of, among other things, the California

25 | Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders,

26 | were unlawful, were in violation of public policy, were immoral, unethical, oppressive, and

27 | unscrupulous, and were likely to deceive employees, as herein alleged, and thereby constitute

28 | deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§

1   17200, *et.seq.*

2       64.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

3   and do, seek such relief as may be necessary to restore to them the money and property which

4   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

5   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

6   unfair business practices, including earned but unpaid overtime wages for all overtime worked.

7       65.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further

8   entitled to, and do, seek a declaration that the described business practices were unlawful, unfair

9   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

10  engaging in any unlawful and unfair business practices in the future.

11      66.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

12  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

13  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

14  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

15  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

16  irreparable legal and economic harm unless DEFENDANT are restrained from continuing to

17  engage in these unlawful and unfair business practices.

18

19                      **SECOND CAUSE OF ACTION**

20                **For Failure To Pay Overtime Compensation**

21                  **[Cal. Lab. Code §§ 510, 1194 and 1198]**

22      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

23                              **Defendants)**

24      67.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

25  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through

26  66 of this Complaint.

27      68.     Cal. Lab. Code § 510 states in relevant part:

28          Eight hours of labor constitutes a day's work. Any work in excess of eight hours
            in one workday and any work in excess of 40 hours in any one workweek and the

1    first eight hours worked on the seventh day of work in any one workweek shall
     be compensated at the rate of no less than one and one-half times the regular rate
2    of pay for an employee. Any work in excess of 12 hours in one day shall be
     compensated at the rate of no less than twice the regular rate of pay for an
3    employee. In addition, any work in excess of eight hours on any seventh day of
     a workweek shall be compensated at the rate of no less than twice the regular rate
4    of pay of an employee.

5    69.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

6    labor is entitled to one day's rest therefrom in seven."

7    70.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees

8    to work more than six days in seven."

9    71.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime

10   rate of compensation required to be paid to a nonexempt full-time salaried employee, the

11   employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

12   72.    Cal. Lab. Code § 1194 states:

13   Notwithstanding any agreement to work for a lesser wage, any employee
     receiving less than the legal minimum wage or the legal overtime compensation
14   applicable to the employee is entitled to recover in a civil action the unpaid
     balance of the full amount of this minimum wage or overtime compensation,
15   including interest thereon, reasonable attorney's fees, and costs of suit.

16   73.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard

17   conditions of labor fixed by the commission shall be the maximum hours of work and the

18   standard conditions of labor for employees. The employment of any employee for longer hours

19   than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

20   74.    DEFENDANT has intentionally and uniformly designated certain employees as

21   "exempt" employees, by their job title alone and without regard to DEFENDANT's realistic

22   expectations and actual overall requirements of the job, including PLAINTIFF and the other

23   members of the CALIFORNIA LABOR SUB-CLASS who worked on the production and non-

24   managerial side of DEFENDANT's business.  This was done in an illegal attempt to avoid

25   payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial

26   Welfare Commission requirements.

27   75.  · For an employee to be exempt as a bona fide "executive," all the following criteria

28   must be met and DEFENDANT has the burden of proving that:

(a)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)    The employee must have the authority to hire and fire, or to command particularly serious attention to his or her recommendations on such actions affecting other employees; and,

(d)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

76.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge; or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption.

1  No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because
2  they all fail to meet the requirements for being an "administrator" under the applicable Wage
3  Order.

4       77.    The Industrial Welfare Commission, in Wage Order 4-2001, at section
5  (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied
6  with to place an employee in the "professional" exempt category. For an employee to be
7  exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT
8  has the burden of proving that:

9      (a)    The employee is primarily engaged in an occupation commonly recognized as a
10             learned or artistic profession. For the purposes of this subsection, "learned or
11             artistic profession" means an employee who is primarily engaged in the
12             performance of:

13          1)    Work requiring knowledge of an advanced type in a field or science or
14                 learning customarily acquired by a prolonged course of specialized
15                 intellectual instruction and study, as distinguished from a general
16                 academic education and from an apprenticeship, and from training in the
17                 performance of routine mental, manual, or physical processes, or work that
18                 is an essential part or necessarily incident to any of the above work; or,

19          2)    Work that is original and creative in character in a recognized field of
20                 artistic endeavor, and the result of which depends primarily on the
21                 invention, imagination or talent of the employee or work that is an
22                 essential part of or incident to any of the above work; and,

23          3)    Whose work is predominately intellectual and varied in character (as
24                 opposed to routine mental, manual, mechanical, or physical work) and is
25                 of such character cannot be standardized in relation to a given period of
26                 time.

27      (b)    The employee must customarily and regularly exercise discretion and
28             independent judgment; and,

1     (c)    The employee earns a monthly salary equivalent to no less than two (2) times the

2           state minimum wage for full-time employment.

3  No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they

4  all fail to meet the requirements of being a "professional" within the meaning of the applicable

5  Wage Order.

6     78.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

7  do not fit the definition of an exempt executive, administrative, or professional employee

8  because:

9     (a)    They did not work as executives or administrators; and,

10    (b)    The professional exemption does not apply to the PLAINTIFF, nor to the other

11          members of the CALIFORNIA LABOR SUB-CLASS because they did not meet

12          all the applicable requirements to work under the professional exemption for the

13          reasons set forth above in this Complaint.

14     79.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF, and the

15  other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours

16  in a workday and/or more than forty (40) hours in a workweek.

17     80.    DEFENDANT failed to pay PLAINTIFF, and the other members of the

18  CALIFORNIA LABOR SUB-CLASS, overtime compensation for the time they worked in

19  excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and

20  1198, even though PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

21  CLASS, were required to work, and did in fact work, overtime.

22     81.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

23  to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their

24  overtime work, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

25  CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are

26  presently unknown to them and which will be ascertained according to proof at trial.

27     82.    DEFENDANT knew or should have known that PLAINTIFF, and the other

28  members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and

1  DEFENDANT systematically elected, either through intentional malfeasance or gross
2  nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy,
3  practice and procedure.

4      83.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR
5  SUB-CLASS, request recovery of overtime compensation according to proof, interest, costs,
6  as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
7  by the Cal. Lab. Code and/or other statutes. To the extent overtime compensation is determined
8  to be owed to members of the CALIFORNIA LABOR SUB-CLASS who have terminated their
9  employment, these employees would also be entitled to waiting time penalties under Cal. Lab.
10 Code § 203, which penalties are sought herein. Further, PLAINTIFF, and the other members
11 of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and recover statutory costs.

12     84.    In performing the acts and practices herein alleged in violation of labor laws and
13 refusing to provide the requisite overtime compensation, DEFENDANT acted and continue to
14 act intentionally, oppressively, and maliciously toward PLAINTIFF, and toward the other
15 members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of
16 their legal rights, or the consequences to them, and with the despicable intent of depriving them
17 of their property and legal rights and otherwise causing them injury in order to increase
18 corporate profits at the expense of PLAINTIFF and the members of the CALIFORNIA LABOR
19 SUB-CLASS.

20

21                    **THIRD CAUSE OF ACTION**
22         **For Failure to Provide Accurate Itemized Statements**
23                    **[Cal. Lab. Code § 226]**
24     **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
25                         **Defendants)**
26     85.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
27 reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through
28 84 of this Complaint.

86.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

87.     In the pay periods PLAINTIFF and other CALIFORNIA CLASS Members worked overtime, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the actual time worked by PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

88.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state

1    and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF,

2    and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover

3    liquidated damages of $50.00 for the initial pay period in which the violation occurred, and

4    $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an

5    amount according to proof at the time of trial (but in no event more than $4,000.00 for

6    PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

7

8                          **FOURTH CAUSE OF ACTION**

9                       **For Failure to Pay Wages When Due**

10                      **[ Cal. Lab. Code §§ 201, 202, 203]**

11      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                               **Defendants)**

13        89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14    reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 88

15    of this Complaint.

16        90.    Cal. Lab. Code § 200 provides, in relevant part, that:

17        As used in this article:
          (a) "Wages" includes all amounts for labor performed by employees of every
18        description, whether the amount is fixed or ascertained by the standard of
          time, task, piece, Commission basis, or other method of calculation.
19        (b) "Labor" includes labor, work, or service whether rendered or performed
          under contract, subcontract, partnership, station plan, or other agreement if
20        the labor to be paid for is performed personally by the person demanding
          payment.
21
          91.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges
22
      an employee, the wages earned and unpaid at the time of discharge are due and payable
23
      immediately."
24
          92.    Cal. Lab. Code § 202 provides, in relevant part, that:
25        If an employee not having a written contract for a definite period quits his or
          her employment, his or her wages shall become due and payable not later
26        than 72 hours thereafter, unless the employee has given 72 hours previous
          notice of his or her intention to quit, in which case the employee is entitled
27        to his or her wages at the time of quitting. Notwithstanding any other
          provision of law, an employee who quits without providing a 72-hour notice
28        shall be entitled to receive payment by mail if he or she so requests and
          designates a mailing address. The date of the mailing shall constitute the date

of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

93.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

94.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

95.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

96.    Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

97.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 96 of this Complaint.

98.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even

though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

99.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  Specifically, DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal home offices all on behalf of and for the benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal home offices to work remotely for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

100.     PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by her and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CALIFORNIA CLASS:

A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA

1                                   CLASS as a Class Action pursuant to California Code of Civil Procedure § 382;

2     B)     An order requiring DEFENDANT to correctly calculate and pay all overtime

3                wages and all sums unlawfuly withheld from compensation due to PLAINTIFF

4                and the other members of the CALIFORNIA CLASS;

5     C)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

6                for restitution of the sums incidental to DEFENDANT's violations due to the

7                PLAINTIFF and to the other members of the CALIFORNIA CLASS according

8                to proof; and,

9     D)     An order temporarily, preliminarily, and permanently enjoining and restraining

10                DEFENDANT from engaging in similar unlawful conduct as set forth herein.

11 2.     On behalf of the CALIFORNIA LABOR SUB-CLASS:

12     A)     That the Court certify the Second, Third, Fourth and Fifth Causes of Action

13                asserted by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant

14                to California Code of Civil Procedure § 382;

15     B)     Compensatory damages, according to proof at trial, for overtime compensation

16                due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

17                CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD

18                plus interest thereon at the statutory rate;

19     C)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

20                in which a violation occurs and one hundred dollars ($100) per each member of

21                the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

22                period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

23                an award of costs for violation of Cal. Lab. Code § 226;

24     D)     The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as

25                a penalty from the due date thereof at the same rate until paid or until an action

26                therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

27     E)     The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

28                LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

1          costs of suit.

2  3.    On all claims:

3      A)    An award of interest, including prejudgment interest at the legal rate;

4      B)    Such other and further relief as the Court deems just and equitable; and,

5      C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

6            law, including, but not limited to, pursuant to Labor Code §218.5, §226, §1194

7            and/or §2802.

8

Dated:   January 13 2017         BLUMENTHAL, NORDREHAUG & BHOWMIK

9

10

11                By:_____

12                      Norman B. Blumenthal
                           Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR A JURY TRIAL

2       PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated:   January 13, 2017            BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                    By:

7                                        Norman B. Blumenthal
                                         Attorneys for Plaintiff
8

9

10

11

12   K:\D\Dropbox\Pending Litigation\Genex - Miranda\p-Complaint-FINAL.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
-42-

**SUPERIOR COURT OF CALIFORNIA,**

**COUNTY OF SAN BERNARDINO**

| | | |
|---|---|---|
| LINDA MIRANDA | ☐ BARSTOW<br>☒ SAN BERNARDINO<br>☐ CHINO<br>☐ REDLANDS | **PEREMPTORY CHALLENGE<br>UNDER C.C.P. 170.6** |
| **vs.**<br>GENEX SERVICES, LLC, et al. | ☐ JOSHUA TREE<br>☐ FONTANA<br>☐ VICTORVILLE<br>☐ RANCHO CUCAMONGA<br>☐ TWIN PEAKS<br>☐ BIG BEAR<br>☐ NEEDLES | Hon. David Cohn<br><br>Case No. _____ CIVDS1700779 |

The undersigned hereby certifies:

That he/she is a party (or attorney for a party) to the within action. That Hon. David Cohn

_____ , the judge or court commissioner before whom the hearing, trial, or

special proceedings of the aforesaid action is pending or to whom it is assigned, is prejudiced against

the party or the interest of the party or his attorney, so that affiant cannot or believes that he/she cannot

have a fair and impartial trial or hearing before such judge or court commissioner.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at ____La Jolla_____ , California on ____January 16, 2017_____ .

Plaintiff Linda Miranda
_____
*Plaintiff/Defendant*

_____
*Attorney for Plaintiff/Defendant*

13-13445-360 Rev. 2/94

*LexisNexis® Automated California County Forms*

EXHIBIT A - PAGE 69

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

LINDA MIRANDA

CASE NO.: _____    CIVDS1700779

vs.

**CERTIFICATE OF ASSIGNMENT**

GENEX SERVICES, LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ___San Bernardino___ District of the Superior Court under Rule 404 of this court for the checked reason:

[x] General      [ ] Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [x] | 20. Other Employment | Unlimited Civil Class Action brought by resident of Helendale. |
| [x] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Linda Miranda, Plaintiff
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR

PO Box 3056
ADDRESS

Helendale
CITY

California
STATE

92342
ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on ___January 13, 2017___ at ___La Jolla___, California

_____
Signature of Attorney/Party

**CERTIFICATE OF ASSIGNMENT**

*LexisNexis® Automated California County Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal (Bar # 68687) Blumenthal, Nordrehaug & Bhowmik 2255 Calle Clara La Jolla, CA 92037 TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232 ATTORNEY FOR (Name): Plaintiff Linda Miranda | F I L E D SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT JAN 1 3 2017 BY _____ EDEN STARICKA, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS: 247 W. Third St.
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
MIRANDA v. GENEX SERVICES

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1700779 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary b.[X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): FIVE (5)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 13, 2017

Norman Blumenthal
(TYPE OR PRINT NAME) _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

COPY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA 92415-0210

CASE NO: CIVDS1700779

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 03/22/17      Time: 8:30      Dept: S26

IN RE: MIRANDA-V-GENEX SERVICES

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 03/22/17 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

      A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
              Nancy Eberhardt, Interim Court Executive Officer
Date: 01/13/17                              By: EDEN STARICKA
--------------------------------------------------------------------
                        CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(√) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 01/13/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 01/13/17 at San Bernardino, CA  By: EDEN STARICKA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## JUDGE DAVID COHN
## DEPARTMENT S-26

### THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino. It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor. Judge David Cohn presides in the Complex Litigation Department. The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

### DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

Revised August 10, 2016 - GH

**GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26

**CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT**

**A. Cases Designated by a Plaintiff as Complex or Provisionally Complex**

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department. At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

**B. Cases Counter-Designated By a Defendant as Complex or Provisionally Complex**

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department. At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

Revised August 10, 2016

EXHIBIT A - PAGE 74

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

#### C. Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.
- All Judicial Council Coordinated Proceedings (JCCP).

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

#### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department. Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines. If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time. If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

Petitions for administrative writs of mandamus under Code of Civil Procedure section1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                    Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court. Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

### OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree. The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference. This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements. Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

4                                                          Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

### CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

5                                                                    Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

6                                                                      Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case
Management Conference will function as the Case Conference required by California Rules of
Court, rules 3.762 and 3.763.

## OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of
Court in connection with motions, all counsel and unrepresented parties are required to "meet
and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending
motion, or to resolve or narrow some of the issues. The moving party must arrange for the
conference, which can be conducted in person or by telephone, to be held no later than four
calendar days before the hearing. No later than two calendar days before the hearing, the
moving party is required to file a notice in the Complex Litigation Department, with service on
all parties, specifying whether the conference has occurred and specifying any issues that
have been resolved. If the need for a hearing has been eliminated, the motion may simply be
taken off-calendar. Failure to participate meaningfully in the conference may result in the
imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice*
or to motions to withdraw as counsel of record.

## FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of
Court, and Local Rules regarding motions, including but not limited to their format.
Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that
exhibits can be easily identified and retrieved.

## ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of
documents, are encouraged to agree to electronic service for all pleadings, motions, and other
materials filed with the court as well as all discovery requests, discovery responses, and
correspondence. Nevertheless, parties must still submit "hard" copies to the court of any
pleadings, motions, or other materials that are to be filed.

## INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such
conferences may address the scope of allowable discovery, the order of discovery, issues of
privilege,

Revised August 10, 2016

EXHIBIT A - PAGE 79

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

and other discovery issues that may arise. Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute. If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551. Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial. Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

8                                                                          Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

### TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

9

Revised August 10, 2016